MATTER OF RAMIREZ

In Visa Petition Proceedings

A-19125723

*Decided by Board June 26, 1970*

Since there is no substantial evidence that the Civil Code of the State of Tamaulipas, Mexico, is controlling with respect to beneficiary's common-law relationship in that State in 1957, the general rule that under section 3 of Article 130 of the Mexican Constitution of 1917, as amended, common-law marriages are not "recognized" in Mexico, is applicable; hence, her subsequent marriage to the U.S. citizen petitioner in 1967 is valid to confer immediate relative classification under section 201(b) of the Immigration and Nationality Act.

ᴵN BEHALF OF PETITIONER:    Moises V. Vela, Esquire
P.O. Box 329
Harlingen, Texas 78550

The petitioner, a native-born citizen of the United States, appeals from an order of the District Director at Port Isabel, ᴇxas, entered on November 21, 1969, denying his petition for ᴵmediate relative classification for his alleged wife, Carmen Zuga de Ramirez, under the provisions of section 201(b) of the ᴵmigration and Nationality Act, as amended. Exceptions have ᴇn taken to the finding that the petitioner's marriage to the ᴮeneficiary is not valid for immigration purposes.

The petitioner married the beneficiary at Harlingen, Texas on ᴮruary 13, 1967. He states in his petition that his wife is the ᴼther of three children, two of whom were born respectively in ᴺgales, San Luis Potosi, Mexico on July 3, 1955 and June 5, ᴮ0 and the other in Altamira, Tamaulipas, Mexico on Novem-¬ 12, 1957. He also states that his wife has had no prior marᴳes.

The District Director concludes that the beneficiary was not ᴇ to marry the petitioner on February 13, 1967 because she ᵁ:

. . . legally married to Felix Guillen according to the law of the State of Tamaulipas, Mexico, where she had resided with Felix Guillen from about 1957 to about June 1958. . . .

Included in the record is a document executed by the Vice Consul of the United States at Nuevo Laredo, Tamaulipas, Mexico on May 22, 1968 which certifies certain documents attached thereto as having been prepared by one Homoro Montemayor Gonzalez, alleged to be a Mexican attorney. We have considered the comments of the Mexican attorney concerning the validity of common-law marriages in the State of Tamaulipas, Mexico. We find them of no probative value since the author concedes that there is an apparent conflict between the local law and the Constitution of Mexico. Furthermore, it is apparent that the comments of the Mexican attorney are not directed to the case before us because they were prepared in May of 1968 and the visa petition was filed by the petitioner in September of 1969.

This Board on a prior occasion has said that Mexico does not "recognize" a common-law marriage which means "that a marriage relationship cannot be created in Mexico unless a ceremony is performed," *Matter of C—*, 1 I. & N. Dec. 301, 302 (BIA, 1942). Our position was based upon an interpretation of section 3, Article 130 of the Mexican Constitution of 1917.[1] There is no evidence of record which supports the District Director's conclusion that the beneficiary " . . . was legally married to Felix Guillen according to the law of the State of Tamaulipas, Mexico . . ." According to the meager record before us, the beneficiary stated in an affidavit executed on September 9, 1969 that she was born in the State of San Luis Potosi. The petition submitted by her citizen husband shows that two of her three children were born at Nogales in the State of San Luis Potosi on July 3, 1955 and June 5, 1960. She was 16 years of age and in all probability living with her parents when her first child was born on July 3, 1955 in the State of San Luis Potosi. Since her third child was born on June 5, 1960 in the same state when she was 21 years of age, it is reasonable to conclude that her principal domicile was in the State of San Luis Potosi during her relationship with Felix Guillen notwithstanding the fact that the second child was born in the State of Tamaulipas on November 12, 1957. The District Director, in fact, states that the beneficiary "resided with Felix Guillen" in

---

[1] Article 130, section 3 of the Constitution of Mexico as amended in 1917 is as follows: "Marriage is a civil contract. This and other acts of a civil nature concerning persons are within the exclusive competence of civil officials and authorities, in the manner prescribed by law, and shall have the force and validity defined by said law."

the State of Tamaulipas, Mexico "from about 1957 to about June 1958" which could mean less than one year.

Since there is no substantial evidence that the Civil Code of the State of Tamaulipas, Mexico controls in the instant case, we conclude that on this record we should apply the general rule that common-law marriages are not "recognized" in Mexico pursuant to section 3 of Article 130 of the Mexican Constitution of 1917 (*supra* [1]).

We conclude on the basis of the foregoing that the petitioner's marriage to the beneficiary at Harlingen, Texas on February 13, 1967 is valid for immigration purposes and that she is classifiable as an immediate relative under section 201(b) of the Immigration and Nationality Act. An appropriate order will be entered.

**ORDER:** It is ordered that the appeal be and the same is hereby sustained.

*It is further ordered* that the petition filed by Manuel Ramirez in behalf of his wife, Carmen Zuniga de Ramirez, for immediate relative classification under section 201(b) of the Immigration and Nationality Act be and the same is hereby approved.